**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United State of America,

  Plaintiff,

v.

City of St. Anthony Village, Minnesota,

  Defendant.

Case No. 14-CV-03272 DSD/JJK

**ANSWER**

For its answer to the Complaint of the United States of America, the City of St. Anthony, Minnesota ("City") submits the following:

1. Except as hereinafter admitted or otherwise qualified, denies each and every allegation of the Plaintiff's Complaint and puts it to its strict proof thereon.

2. With respect to Paragraph 1, ADMIT that the United States asserts a claim against the City under RLUIPA; DENY the remaining allegations of the paragraph.

3. ADMIT Paragraphs 2 through 5.

4. With respect to Paragraph 6, ADMIT the City has the authority to regulate and restrict the use of land and structures within its borders; AFFIRMATIVELY ALLEGE that the origin of the City's zoning authority includes but is not limited to the City's Code of Ordinances.

5. ADMIT Paragraphs 7 and 8.

6. With respect to Paragraphs 9 and 10, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth therein and puts Plaintiff to its proof thereon.

7. Paragraph 11 is a legal conclusion which does not require an Answer. To the extent the contents of Paragraph 11 are treated as an allegation, the same is DENIED.

8. With respect to Paragraphs 12 through 14, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth therein and puts Plaintiff to its proof thereon.

9. With respect to Paragraph 15, ADMIT the Property is an office building, which includes several small businesses, including a daycare facility; with respect to the remainder of the paragraph, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth therein and puts Plaintiff to its proof thereon.

10. With respect to paragraph 16, ADMIT that in December 2011, Moore-Sykes corresponded with a representative of the Islamic Center regarding the City's Zoning Code; DENY the remainder of the paragraph.

11. ADMIT Paragraph 17.

12. With respect to Paragraph 18, ADMIT that each zoning district contains permitted uses; ADMIT that City Code Section 152.008 contains the quoted definitions of "permitted use" and "conditional use"; DENY the remainder of the paragraph.

13. With respect to Paragraph 19, ADMIT that applications for a CUP are obtained from the City Planner; AFFIRMATIVELY ALLEGE that the City Planner is the zoning officer within the City Code; AFFIRMATIVELY ALLEGE that Kim Moore-Sykes acted in this capacity for the City prior to her departure; ADMIT the remainder of the paragraph.

14. DENY Paragraph 20.

15. With respect to Paragraph 21, AFFIRMATIVELY ALLEGE that Minn. Stat. § 15.99 speaks for itself; DENY the remainder of the paragraph.

16. ADMIT Paragraphs 22 and 23.

17. DENY Paragraph 24; AFFIRMATIVELY ALLEGE that Moore-Sykes e-mailed counsel for the Islamic Center on February 8, 2012 and that e-mail speaks for itself.

18. With respect to Paragraph 25, ADMIT that Moore-Sykes e-mailed Casey on February 9, 2012; AFFIRMATIVELY ALLEGE that e-mail speaks for itself.

19. With respect to Paragraph 26, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth therein and puts Plaintiff to its proof thereon.

20. With respect to Paragraph 27, ADMIT the Islamic Center submitted a CUP Application; AFFIRMATIVELY ALLEGE the application speaks for itself.

21. Paragraph 28 constitutes a legal conclusion to which no response is necessary.

22. With respect to Paragraph 29, ADMIT the Planning Commission met on February 21, 2012; AFFIRMATIVELY ALLEGE the Meeting Minutes speak for themselves; DENY the remainder of the paragraph.

23. With respect to Paragraph 30, ADMIT that Moore-Sykes wrote Abu-Huraira a letter dated February 24, 2012; AFFIRMATIVELY ALLEGE that the letter speaks for itself.

24. With respect to Paragraph 31, ADMIT the City issued a Notice of Public Hearing for the March 20, 2012 Planning Commission meeting on February 29, 2012; DENY the remainder of the paragraph.

25. With respect to Paragraph 32, ADMIT that the City Council passed an interim ordinance imposing the moratorium on March 13, 2012; DENY the remainder of the paragraph.

26. ADMIT Paragraph 33.

27. ADMIT Paragraph 34; AFFIRMATIVELY ALLEGE that the Community Forum is part of every regular meeting of the City Council.

28. DENY Paragraph 35; AFFIRMATIVELY ALLEGE that the City Council's regular meeting minutes for the March 27, 2012 meeting reflect remarks made by the City's Mayor, but the minutes speak for themselves.

29. DENY Paragraph 36; AFFIRMATIVELY ALLEGE that Moore-Sykes informed Mr. Michael Medina, by letter dated April 3, 2012, that the CUP Application was extended for an additional 60 days and would be heard by the City Council no later than June 12, 2012.

30. ADMIT Paragraph 37.

31. With respect to Paragraph 38, ADMIT that Moore-Sykes handled CUP applications for the City since 2004; DENY the remainder of the paragraph.

32. ADMIT Paragraph 39; AFFIRMATIVELY ALLEGE Corkle's Memorandum speaks for itself.

33. ADMIT Paragraph 40; AFFIRMATIVELY ALLEGE that the Study and Corkle's memorandum speak for themselves.

34. With respect to Paragraph 41, ADMIT the Study does not analyze the history of all approved "assembly" use in the C and LI Districts; DENY the remainder of the paragraph.

35. ADMIT Paragraphs 42, 43 and 44.

36. DENY Paragraph 45.

37. With respect to Paragraph 46, ADMIT the City Council amended the Zoning Ordinance to allow "Catering operations, cafeterias, and delicatessens" as permitted conditional uses in the LI District; DENY the remainder of the paragraph.

38. ADMIT Paragraph 47.

39. ADMIT Paragraph 48; AFFIRMATIVELY ALLEGE the Study speaks for itself.

40. ADMIT Paragraphs 49 and 50.

41. With respect to Paragraph 51, ADMIT the Planning Commission held a public meeting on June 4, 2012 at which Corkle and Lindgren were present; ADMIT the Planning Commission unanimously accepted the results of the Study; DENY the remainder of the paragraph.

42. DENY Paragraphs 52 and 53, AFFIRMATIVELY ALLEGE the Minutes and Video Transcript of the meeting speak for themselves.

43. DENY Paragraph 54; AFFIRMATIVELY ALLEGE the Planning Commission voted 5-1 to recommend approval with conditions of the Conditional Use Permit as presented.

44. With respect to Paragraph 55, ADMIT the City received correspondence in opposition to the Islamic Center's CUP Application prior to the June 12, 2012 meeting; affirmatively allege that the letters and e-mails speak for themselves.

45. ADMIT Paragraph 56.

46. With respect to Paragraph 57, ADMIT the City unanimously voted to accept the Study's Findings; AFFIRMATIVELY ALLEGE the City Council directed staff to pursue Option # 3; ADMIT the Zoning Code was not amended at that time.

47. With respect to Paragraph 58, ADMIT that the Islamic Center's CUP application was the subject of public comment; AFFIRMATIVELY ALLEGE that the public comments speak for themselves; DENY the remainder of the paragraph.

48. ADMIT Paragraph 59.

49. With respect to Paragraph 60, ADMIT Lindgren advised the City council that the City Council was statutorily required to take action on the CUP application that evening; DENY the remainder of the paragraph.

50. With respect to Paragraph 61, ADMIT the City Council voted 4-1 to deny the Islamic Center's application; DENY the remainder of the paragraph.

51. With respect to Paragraph 62, ADMIT that on November 13, 2012, the City Council voted to approve Ordinance 2012-11; An Ordinance Amending Saint Anthony Village City Code Section 152 Section 152 Relating to the Regulation of Assemblies, Meeting Lodges and Convention Halls; AFFIRMATIVELY ALLEGE the Ordinance speaks for itself; DENY the remainder of the paragraph.

52. ADMIT Paragraphs 63 and 64.

53. With respect to Paragraphs 65 and 66, the City is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth therein and puts Plaintiff to its proof thereon.

54. DENY Paragraphs 67 through 69.

55. As and for affirmative defenses, the City states:

    a. Plaintiff failed to state a claim upon which relief can be granted.

    b. Any loss suffered by the Islamic Center is the result of its own conduct or that of third parties not within control of the City.

    c. The Court lacks subject matter jurisdiction as to some or all of the claims made.

    d. The Religious Land Use and Institutionalized Persons Act is unconstitutional on its face and as applied in this case.

    e. Plaintiff's claims are not ripe for adjudication in whole or in part.

WHEREFORE, the Defendant City of St. Anthony requests the following:

    1. Dismissal with prejudice of Plaintiff's Complaint in its entirety; and

    2. Awarding Defendants its costs and disbursements.

Dated: September 18, 2014

/s/George C. Hoff
George C. Hoff (#45846)
Jared D. Shepherd (#0389521)
Hoff, Barry & Kozar, P.A.
160 Flagship Corporate Center
Eden Prairie, MN 55344
(952) 941-9220
*Attorneys for Defendant*
*City of St. Anthony*